IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TAVARRES J. HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-164 |
| | ) | |
| ROBERT LEVERETT, Major, Individual Capacity; OFFICER FNU MATHIS, Individual Capacity; and SGT. FNU BARBER, Individual Capacity, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, a pretrial detainee at Charles B. Webster Detention Center in Augusta, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred at Charles B. Webster Detention Center in Augusta, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. COMPLAINT ALLEGATIONS

Plaintiff names as Defendants: (1) Major Robert Leverett, (2) Officer Mathis, and (3) Sergeant Barber. (Doc. no. 1, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On June 25, 2017, Plaintiff was sent to F-F Block and remained there for five months

under protective custody.  (Doc. no. 1, p. 5.)  Plaintiff had no telephone access, visitation, hygiene supplies, or envelopes.  (Id.)  Plaintiff "had to sell his lunch tray's [sic] to other inmates for stamped envelopes in order to write his lawyer."  (Id.)  On July 8, 2017, Plaintiff informed Major Leverett, the alleged head of the detention center, about these conditions, and Major Leverett told Plaintiff the problems would be addressed but they were not.  (Id.)  Plaintiff filed grievances on July 5, 2017, July 17, 2017, and August 2, 2017.  (Id.)  The grievances were denied on August 2, 2017, and Plaintiff filed an appeal on August 3, 2017.  (Id.)  Plaintiff did not receive a response to his grievance appeal.  (Id.)

On October 13, 2017, Plaintiff met with Sergeant Barber, who informed Plaintiff he was being moved to a new protective custody block and asked Plaintiff to sign a release form.  (Id.)  Plaintiff was transferred to G-F block.  (Id.)  Within ten minutes of being placed in his new cell, five inmates "had officer's [sic] to pop open his door," attacked Plaintiff, and forced him to "write and sign a[n] affidavit to free Plaintiff's co-defendant of his current charges."  (Id. at 6.)  Plaintiff informed the officers on duty of the attack and "was ignored."  (Id.)

On October 18, 2017, Plaintiff received a care package.  (Id.)  When Plaintiff returned to his cell with the care package, three inmates held a knife to his throat and forced Plaintiff to give them the care package and a radio.  (Id.)  Plaintiff informed Officer Mathis of the attack and requested to be sent to protective custody, but Officer Mathis ignored Plaintiff.  (Id.)  Officers found the knife on October 24, 2017.  (Id.)  Plaintiff was sent back to F-F block and filed a grievance on November 6, 2017.  (Id.)  On November 16, 2017, prison officials denied the grievance.  (Id.)  On November 17, 2017, Plaintiff appealed the denial but did not receive a response.  (Id.)

2

## II. DISCUSSION

### A. Legal Standard for Screening.

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement'

possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B. Plaintiff Fails to State a Claim against Defendant Barber.

The Eleventh Circuit has held that a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff alleges Sergeant Barber informed him he was being transferred and asked him to sign a release form. (Doc. no. 1, p. 5.) Plaintiff alleges no facts connecting Defendant Barber with the conditions of protective custody or the inmate attacks. Therefore, Plaintiff fails to state a claim against Sergeant Barber.

### C. Plaintiff Fails to State a Claim Against Defendant Mathis.

Plaintiff has failed to state a viable Eighth Amendment claim against Defendant Mathis for failure to protect him from attack. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). To establish such a claim, a prisoner

4

"must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014). As the Eleventh Circuit explained,

> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Because "a risk of harm to some degree always exists by the nature of its being a [prison]," not every condition rises to the level of an Eighth Amendment violation. Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga., 400 F.3d 1313, 1323 (11th Cir. 2005). However, "prison officials have a duty to protect prisoners from each other," Murphy v. Turpin, 159 F. App'x 945, 947 (11th Cir. 2005) (citing Brennan, 511 U.S. at 828-29), and "confinement in a prison where violence and terror reign is actionable." Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014) (quoting Purcell, 400 F.3d at 1320).

Under the subjective component, "[a] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference

5

could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Lane, 835 F.3d at 1308. However, "[i]nferences from circumstantial evidence . . . . can be used to show that a prison official possessed the necessary knowledge." Id. Under the objective component, an official responds to a known risk in an objectively unreasonable manner if "he knew of ways to reduce the harm but knowingly declined to act" or if "he knew of ways to reduce the harm but recklessly declined to act." Hale v. Tallapoosa County, 50 F.3d 1579, 1583 (11th Cir. 1995).

Here, Plaintiff fails to show Officer Mathis had any subjective knowledge of a risk of attack against Plaintiff. Plaintiff informed Officer Mathis about the attacks only after the second attack occurred and Plaintiff was transferred to his former block less than two weeks later without incident. (Doc. no. 1, p. 6.) Plaintiff does not allege Officer Mathis was informed about the first attack or should have been aware of a risk of future attacks. Furthermore, Plaintiff alleges G-F block was a protective custody block, so there was no reason Officer Mathis should have been aware of a general risk to Plaintiff's health or safety. Thus, it cannot be said Officer Mathis knew of and disregarded an "excessive risk to inmate health or safety." Lane, 835 F.3d at 1308. Accordingly, Plaintiff fails to state a claim against Officer Mathis.

**D. Plaintiff Fails to State a Claim for Denial of Access to the Courts.**

Plaintiff fails to state a claim for legal mail under a denial of access to the courts framework. To state a viable denial of access to the courts claim, a plaintiff must allege "actual injury"; that is, "prison officials' actions . . . must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action" and the inmate "must provide

evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." Id. at 1332 (quoting Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998); see also Terrell v. Washington, No. CV 308-088, 2009 WL 256002, at *2 (S.D. Ga. Feb. 3, 2009). Here, Plaintiff alleges no facts any legal proceeding has been impeded, only that he has had to "sell his lunch tray[]s to other inmates for stamped envelopes in order to write his lawyer." (Doc. no. 1, p. 5.) Accordingly, Plaintiff fails to state a legal mail claim based on denial of access to the courts.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Sergeant Barber and Officer Mathis be **DISMISSED** from this case and Plaintiff's deliberate indifference and denial of access to the courts claims be **DISMISSED** for failure to state a claim. In a companion Order, the Court has allowed Plaintiff's First Amendment claims against Major Leverett to proceed.

SO REPORTED and RECOMMENDED this 15th day of February, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA