IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TAVARRES J. HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-164 |
| | ) | |
| ROBERT LEVERETT, Major, Individual | ) | |
| Capacity, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Plaintiff, an inmate at Autry State Prison, in Pelham, Georgia, brought this case pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred at Charles B. Webster Detention Center in Augusta, Georgia.  Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP").  Before the Court is Defendant Leverett's pre-answer motion to dismiss.  (Doc. no. 18.)  For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** Defendant's motion to dismiss be **GRANTED**, (doc. no. 18), this case be **DISMISSED**, and this civil action be **CLOSED**.

## I.    BACKGROUND

In his complaint, Plaintiff named three Defendants:  (1) Major Robert Leverett; (2) Officer Mathis; and (3) Sergeant Barber.  (Doc. no. 1.)  Because Plaintiff is proceeding IFP, the Court screened his complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  By Order

dated February 15, 2018, the District Court dismissed Defendants Mathis and Barber.  (Doc. no. 11.)   The Court allowed Plaintiff to proceed against Major Leverett based on alleged deprivation of phone access, visitation, hygiene products, and stamped envelopes.  (Doc. no. 9.)  With respect to the remaining claims, the complaint alleges the following facts.

On June 25, 2017, Plaintiff was sent to F-F Block and remained there for five months under protective custody.  (Doc. no. 1, p. 5.)   Plaintiff had no telephone access, visitation, hygiene supplies, or stamped envelopes.  (Id.)  Plaintiff "had to sell his lunch tray's [sic] to other inmates for stamped envelopes in order to write his lawyer."  (Id.)  On July 8, 2017, Plaintiff informed Major Leverett, head of the detention center, about these conditions, and Major Leverett told Plaintiff the problems would be addressed, but they were not.  (Id.)  Plaintiff filed grievances on July 5, 2017, July 17, 2017, and August 2, 2017.  (Id.)   The grievances were denied on August 2, 2017, and Plaintiff filed an appeal on August 3, 2017.  (Id.)  Plaintiff did not receive a response to his grievance appeal.  (Id.)

On May 11, 2018, Major Leverett filed the present pre-answer motion to dismiss. (Doc. no. 18.)  Major Leverett argues Plaintiff's claims should be dismissed because:  (1) he is entitled to qualified immunity; (2) Plaintiff has not shown Major Leverett directly participated or his actions were causally connected to unconstitutional conduct; (3) there is no constitutional right to non-legal mail; (4) Plaintiff fails to allege an unreasonable risk of harm, an injury, or deliberate indifference in denying hygiene products; and (5) limiting Plaintiff's access to visitation and phone use was constitutional.  (Id. at 3, 9-13.)  Further, Major Leverett argues Plaintiff's claims should be limited to nominal damages under 42 U.S.C. § 1997e(e) because Plaintiff fails to allege physical injury.  (Id. at 14.)

2

## II.     DISCUSSION

### A.      Legal Standard for Rule 12(b)(6) Motion

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Adinolfe v. United Tech. Corp., 768 F.3d 1161, 1168 (11th Cir. 2014). The Court must accept as true all facts alleged in the complaint and draw all reasonable inferences in Plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing]

enough heft to 'sho[w] that the pleader is entitled to relief.'" <u>Twombly</u>, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

### B.   Major Leverett Cannot Be Held Liable Based on a Theory of Supervisory Liability

Plaintiff's complaint fails to state a claim against Major Leverett because Plaintiff is attempting to hold Major Leverett liable merely because of his supervisory position. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." <u>Hartley v. Parnell</u>, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); <u>see also</u> <u>Rosa v. Fla. Dep't of Corr.</u>, 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. <u>See</u> <u>Kruger v. Jenne</u>, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing <u>Powell v. Shopco Laurel, Co.</u>, 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Rosa</u>, 522 F. App'x at 714 (quoting <u>Iqbal</u>, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Major Leverett liable, Plaintiff must demonstrate that either (1) Major Leverett actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation. <u>See</u> <u>Hartley</u>, 193 F.3d at 1269 (citing <u>Brown v. Crawford</u>, 906 F.2d

667, 671 (11th Cir. 1990)).  Moreover, "[t]he standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."  <u>Braddy v. Florida Dep't of Labor and Emp't Sec.</u>, 133 F.3d 797, 802 (11th Cir. 1998).

Here, Plaintiff does not allege Major Leverett personally participated in the asserted constitutional violations.  Plaintiff states he was transferred to protective custody on June 25, 2017, and, on July 8, 2017, Plaintiff informed Major Leverett of his lack of access to phone use, visitation, hygiene supplies and envelopes.  (Doc. no. 1, p. 5.)  Plaintiff alleges Major Leverett told him the problems "would be address[ed]" but there was no change through October 13, 2017, when Plaintiff transferred out of protective custody.  (<u>Id.</u>)  Plaintiff does not allege Major Leverett was directly involved in the denial of access either prior to or following their brief encounter on July 8th.  Thus, Plaintiff does not allege sufficient facts to show Major Leverett personally participated in the alleged constitutional violations.

While Plaintiff claims he filed grievances regarding his complaints on July 5, July 17, and August 2, 2017, (<u>id.</u>), Plaintiff does not allege Major Leverett was involved in the grievance procedure at the detention center or was the official responsible for reviewing grievances, such that he would be on notice of the ongoing nature of Plaintiff's complaints. Furthermore, even assuming Major Leverett was involved in the grievance procedure at the detention center, Plaintiff cannot hold Major Leverett liable based on denying Plaintiff relief during the grievance process.  <u>Asad v. Crosby</u>, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the

record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), cert. denied, 530 U.S. 1264 (2000).

Nor has Plaintiff alleged the requisite causal connection between Major Leverett and the asserted constitutional violations.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high.  In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences."  Brown, 906 F.2d at 671 (emphasis added).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

6

Here, Plaintiff does not draw the necessary causal connection to any alleged constitutional violation.  Plaintiff does not allege any instances of similar deprivations at the detention center and does not allege Major Leverett had a custom or policy of denying inmates access to phone use, visitation, hygiene supplies, or stamped envelopes.

Finally, Plaintiff does not allege any facts supporting an inference Major Leverett directed subordinates to act unlawfully or knew subordinates would act unlawfully and failed to stop them from doing so.  Indeed, Plaintiff alleges he communicated with Major Leverett on only one occasion and alleges no facts indicating Major Leverett was aware of the ongoing nature of Plaintiff's complaints.  Furthermore, as described above, because Plaintiff does not allege Major Leverett was responsible for reviewing or denying grievances at the detention center, there is no basis for determining Plaintiff's subsequent grievances put Major Leverett on notice.   Additionally, even if Major Leverett were responsible for reviewing and denying Plaintiff's grievances, it would not be sufficient to create a causal connection between Major Leverett and the alleged constitutional violations.  Asad, 158 F. App'x at 170-72; Shehee, 199 F.3d at 300.   Without more, Plaintiff cannot meet the "extremely rigorous" standard for holding Major Leverett liable for alleged actions of his subordinates.  Braddy, 133 F.3d at 802.

In sum, Plaintiff has not shown Major Leverett actually participated in any alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation.  Therefore, Plaintiff fails to state a claim upon which relief can be granted against Major Leverett.

7

**III.    CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant's motion to dismiss be **GRANTED**, (doc. no. 18), this case be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 6th day of August, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA