IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

TAVARRES J. HENDERSON,           )
                                 )
            Plaintiff,           )
                                 )
        v.                       )            CV 117-164
                                 )
ROBERT LEVERETT, Major, Individual )
Capacity,                        )
                                 )
            Defendant.           )

---

**O R D E R**

---

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation ("R&R"), to which no objections have been filed. In

lieu of objections, Plaintiff filed a second, untimely "Reply and Response" to Defendant's

motion to dismiss, in which he asked the Court for permission to amend his complaint "due

to inadvert[ent] error within his filings." (Doc. no. 26.) However, Plaintiff does not indicate

why his current complaint is defective or how his amended complaint would overcome the

deficiencies explained in Defendant's motion to dismiss and the Magistrate Judge's R&R.

Defendant opposes Plaintiff's request because Plaintiff has "had numerous opportunities to

amend his Complaint but has failed to do so" in spite of Defendant articulating the

deficiencies in Plaintiff's complaint in his motion to dismiss and reply. (Doc. no. 27, p. 3.)

Federal Rule of Civil Procedure 15, which governs amendment of pleadings, provides as

follows:

A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

If a party is not entitled to amend as a matter right under Rule 15(a)(1), then "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*); Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz, 133 F. App'x at 699 (quoting Foman, 371 U.S. at 182).

Plaintiff's motion to amend was filed eighty-one days after Defendant filed his motion to dismiss; thus, Plaintiff is not entitled to amend as a matter of right and must obtain the Court's leave to amend his complaint. Fed. R. Civ. P. 15(a)(1)(B), (2). Furthermore, although leave to amend is generally freely given, Plaintiff's amendment is improper because there has been a substantial undue delay in filing.

On May 11, 2018, Defendant filed his motion to dismiss, in which he pointed out numerous deficiencies in Plaintiff's complaint, including those that formed the basis of the Magistrate Judge's R&R recommending dismissal of this case. (Doc. nos. 18, 24.) On May 23, 2018, Plaintiff timely responded, arguing his claims should not be dismissed based on

either qualified immunity or lack of supervisory liability. (Doc. no. 20.) Plaintiff did not seek to amend his complaint, add new facts, or correct any purported deficiencies at that time. On June 12, 2018, Defendant filed a reply pointing out Plaintiff relied on the same allegations from the original complaint and reiterating his earlier arguments. (Doc. no. 23.) Following Defendant's reply, Plaintiff did not seek to amend his complaint or file any additional briefs for almost two months until August 2, 2018, when he signed and mailed the present motion to amend. (Doc. no. 26.)

Thus, Plaintiff waited seventy-one days after initially responding to Defendant's motion to dismiss before moving the Court for leave to amend his complaint. Plaintiff had ample opportunity to seek permission to correct his complaint before the motion to dismiss was fully briefed and ripe for consideration by the Magistrate Judge but failed to do so. Furthermore, Plaintiff alleges no new facts in his motion showing why his claims should not be dismissed and does not even indicate with any particularity which statements he intends to clarify.

Accordingly, the Court **DENIES** Plaintiff's motion to amend, (doc. no. 26), **ADOPTS** the R&R of the Magistrate Judge as its opinion, **GRANTS** Defendant's motion to dismiss, (doc. no. 18), **DISMISSES** this case, and **CLOSES** this civil action.

SO ORDERED this _31st_ day of _August_, 2018, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA